UNITED STATES DISTRICT COURT
For the Northern District of California

# UNITED STATES DISTRICT COURT

## Northern District of California

### San Francisco Division

| | |
|---|---|
| BANK OF AMERICA, N.A., FOR THE BENEFIT OF HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS OF THE DEUTSCHE ALT-A SECURITIES MORTGAGE LOAN TRUST, SERIES 2007-1 MORTGAGE PASS-THROUGH CERTIFICATES<br><br>Plaintiff,<br>v.<br>ANDRES M. AMIL, II,<br>DIANE D. AMIL<br>Defendants.<br>_____/ | No. C 12-05522 LB<br><br>**ORDER DIRECTING THE CLERK OF THE COURT TO REASSIGN THIS ACTION TO A DISTRICT JUDGE**<br><br>**REPORT AND RECOMMENDATION** |

**INTRODUCTION**

Plaintiff Bank of America, N.A. ("BANA") brought an action for unlawful detainer against Defendants Andres M. Amil, II, and Diane D. Amil in Contra Costa County Superior Court on August 22, 2012. *See* Notice of Removal Ex. 1, ECF No. 1 at 25 (the "Complaint").[1] On October 26, 2012, Defendants, who are proceeding *pro se*, removed the case from state court, alleging federal jurisdiction. Notice of Removal ("Notice"), ECF No. 1 at 8. In response, BANA moves to remand this action back to state court, arguing that Defendants' Notice of Removal was

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page number at the top of the document.

untimely and removal would be improper because the court lacks both subject matter and diversity jurisdiction over the matter. *See* Mem. of P. & A. Supp. Motion to Remand ("Motion"), ECF No. 5-1 at 4-10.

Based on the parties' submissions, the court finds that it lacks subject matter jurisdiction because the face of BANA's unlawful detainer complaint does not present a federal question and the amount in controversy is less than the $75,000 required for diversity jurisdiction. Because Defendants have neither consented nor declined to the undersigned's jurisdiction, the court **ORDERS** the Clerk of the Court to reassign this action to a district judge and **RECOMMENDS** that the newly-assigned district judge grant BANA's motion to remand the action to Contra Costa County Superior Court.[2]

**STATEMENT**

In the state court complaint, BANA alleges that it purchased residential real property at 103 Ellison Lane, Richmond, California, 94801 (the "Property"), in a July 24, 2012 non-judicial foreclosure sale. S*ee* Compl. Ex. 1, ECF No. 1 at 31-33 (the "Deed"). BANA asserts that it perfected title to the Property by recording the Deed in the Contra Costa County Recorder's Office. Compl., ECF No. 1, ¶ 7. BANA allegedly served Defendants Andres and Diane Amil and all other occupants of the Property with a Notice to Quit by posting the Notice on the premises on August 14, 2012 and mailing a copy the same day. *See id.* ¶¶ 8-9. Despite the Notice, Defendants continued to remain in possession of the Property. *See id.* ¶ 12.

On August 22, 2012, BANA filed an unlawful detainer action in Contra Costa County Superior Court against Mr. and Ms. Amil and ten Doe Defendants. *See id.* BANA seeks an order directing Defendants to deliver up possession of the Property, reasonable rent of $124.85 per day of unlawful possession, and costs. *Id.* at 28.

On October 1, 2012, Andres Amil, proceeding *pro se*, filed an answer to BANA's unlawful detainer complaint. *See* Notice Ex. 2, ECF No. 1 at 51-57 (the "Answer"). Mr. Amil raises numerous affirmative defenses including that BANA (1) lacks standing, *see id.* ¶ 9, (2) failed to

---

[2] The court finds that this matter is suitable for determination without oral argument and vacates the February 7, 2013 hearing. *See* N.D. Cal. Civ. L.R. 7-1(b).

UNITED STATES DISTRICT COURT
For the Northern District of California

serve him with a Notice to Quit, *id.* ¶ 11, and (3) failed to effect personal service, *id.* ¶ 12.

On October 26, 2012, Mr. Amil, again proceeding *pro se*, removed the unlawful detainer action to federal court. Notice, ECF No. 1. Mr. Amil argues that this court has jurisdiction over the case under multiple theories. First, he argues that the court has federal question jurisdiction because BANA breached a number of federal statutes.[3] In addition, he claims to have suffered constitutional deprivations that warrant federal question jurisdiction. *See id.* at 4, 5, 9-11, 15, 18-20 (alleging deprivation of property without due process under the Fifth Amendment and in violation of the Fourteenth Amendment's equal protection and due process clauses, discrimination and discriminatory treatment by the California legal system, and denial of equal access to California courts). Mr. Amil also specifically argues that 28 U.S.C. § 1443 exempts his constitutional claims from the "well-pleaded complaint" rule. *Id.* at 13-14. The crux of Mr. Amil's argument seems to be that "the Federal question issues of securities and banking laws preempt the very existence of the California Courts of Limited Jurisdiction in foreclosure matters . . . ." *Id.* at 19.

Second, Mr. Amil contends that numerous non-parties are "the real parties in interest" including "unknown investors and certificate holders, the federal agency, Federal National Mortgage Association ('Fannie Mae') and the former assignees and original trustees for the original lender and the foreclosing beneficiary," *id.* at 2, and the Federal Deposit Insurance Corporation, *id.* at 7. Mr. Amil appear to contend that these parties interests arise pursuant to "federal laws or rights." *Id.* at 8.

Finally, Mr. Amil also argues that the court has diversity jurisdiction because "the Amount in Controversy is the ownership and possession of the subject real property which has a value in excess of the trustee deed sale price . . . ." *Id.* at 9.

---

[3] Mr. Amil cites: "(1) Sections 101 and 109 of the Emergency Economic stabilization act of 2008 as amended by 7002 of the American Recovery and reinvestment act of 2009; and (2) Sections 20(d)(1) and 22(a) of the Securities Act, 15 U.S.C. §§ 77t(d)(1) & 77v(a), and Sections 21(d)(3)(A), 21(e), and 27 of the Exchange Act, 15 U.S.C. §§ 78u(d)(3)(A), 78u(e) and 78aa, Consumer Fraud, False Advertisement, Identity Theft, R.I.C.O. 18 U.S.C. section 1962 et al, Securities and Exchange Act of 1934 Section 10 Securities Fraud, 1933 Section 11 and 28 U.S.C. §§ 1332, 1441, 1443 and 1446." Notice, ECF No. 1 at 8; *see also id.* at 10 (referencing "Securities Act of 1933 . . . , 15 U.S.C. §§ 77e(a) & 77e(c) . . . Title 18 USC Section 4 Misprison of a Felony," and 42 U.S.C. § 1983); *id.* at 15 (citing 42 U.S.C. §§ 1981-83); and *id.* at 18 (citing 28 U.S.C. § 1447(d)

On December 17, 2012, BANA submitted its motion to remand the unlawful detainer action back to Contra Costa County Superior Court.[4]  *See* Mot., ECF No. 5-1.  Mr. Amil has not responded to BANA's motion.

## ANALYSIS

BANA argues that remand is appropriate because the court lacks subject matter jurisdiction. First, BANA contends that there is no federal question jurisdiction because the complaint asserts a single cause of action for unlawful detainer, which arises only under state law and not federal law. *Id.* at 6-7.  Second, BANA argues that the amount in controversy is less than $10,000, which clearly falls short of $75,000 threshold established in 28 U.S.C. section 1331.  *Id.* at 7-8.[5]  The court agrees and recommends the district court remand the case back to state court.

## I. THE COURT LACKS FEDERAL QUESTION JURISDICTION

A defendant in a state court may remove an action to federal court so long as the action could have originally asserted federal-question jurisdiction. 28 U.S.C. § 1441(b).  The burden is on the removing defendant to prove the basis for the federal court's jurisdiction. *Shizuko Nishimoto v.*

---

[4] In support of its Motion to Remand, BANA submits a Request for Judicial Notice ("RJN"), incorporating by reference two exhibits.  RJN, ECF No. 5-3.  Exhibit 1 is a copy of BANA's summons and complaint for the unlawful detainer action. *Id.* at 4-35 (containing additional documents).  Exhibit 2 is a copy of the Trustee's Deed upon Sale.  *Id.* at 36-39.  These documents were already filed as exhibits to the state court complaint, which Mr. Amil attached to the Notice of Removal.  *See* Notice, ECF No. 1; *id.* Ex. 1, ECF No. 1 at 22.  The court, therefore, denies BANA's request for judicial notice of these documents as unnecessary.

The complaint submitted in BANA's RJN also contains a document titled, "Memorandum and Application for Order to Post and Mail Summons and Complaint."  RJN, ECF No. 5-3 at 33-35.  Because this document is not relevant to the court's analysis, the court declines to take judicial notice of it.

Finally, BANA also submits the declaration of its counsel, Tami S. Crosby.  *See* Crosby Decl., ECF No. 5-2.  Additional documents are attached to the Crosby Declaration, though BANA does not request the court judicially notice them.  *See id.* Exs. 1-2.  Regardless, the court declines to take judicial notice of these documents because they are not necessary to the court's analysis.

[5] Because BANA's jurisdictional arguments are dispositive, the court need not reach its arguments that removal was untimely, Mot., ECF No. 5-1 at 4, and the court should abstain from hearing the case under *Younger v. Harris*, *id.* at 8-10.

*Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 (9th Cir. 1990). If, after a court's prompt review of a notice of removal, "it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court *shall* make an order for summary remand." 28 U.S.C. § 1446(c)(4) (emphasis added). Removal jurisdiction statutes are strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *Takeda v. Northwestern Nat'l. Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985).

The "well-pleaded complaint" rule requires a federal question to be presented on the face of the plaintiff's complaint at the time of removal for federal-question jurisdiction to exist. *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 63 (1987); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). An actual or anticipated federal defense is not sufficient to confer jurisdiction. *Franchise Tax Bd. of California v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983); *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042-43 (9th Cir. 2009). However, a plaintiff may not defeat removal by omitting necessary federal questions from his or her complaint. *Franchise Tax Bd. of California*, 463 U.S. 1 at 22.

In the present case, BANA alleges a single unlawful detainer claim against Mr. Amil. *See* Compl., ECF No. 1 at 25-29. Unlawful detainer claims do not arise under federal law and, without more, the court lacks federal-question jurisdiction. *See, e.g., Fed. Nat'l Mortg. Assoc. v. Lopez*, No. C 11-00451 WHA, 2011 WL 1465678, at *1 (N.D. Cal. Apr. 15, 2011); *GMAC Mortg. LLC v. Rosario*, No. C 11-1894 PJH, 2011 WL 1754053, at *2 (N.D. Cal. May 9, 2011); *Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010).

Mr. Amil counters that the court has federal-question jurisdiction because the unlawful detainer action implicates multiple federal statutes and constitutional deprivations. Notice, ECF No. 1 *passim*. None of these support removal, however, as BANA's complaint contains no facts that would otherwise confer federal jurisdiction. *See* Complaint, ECF No. 1; *see also Taylor*, 481 U.S. at 63 (jurisdiction must appear on the face of a well-pleaded complaint); *Hunter*, 582 F.3d at 1042-43 (jurisdiction cannot be predicated on actual or anticipated defenses).

### A. 28 U.S.C. § 1443 Does Not Permit Removal On These Facts

Mr. Amil contends that 28 U.S.C. § 1443 applies because it "permit[s] removal by disadvantaged defendants from those in power who would oppress them . . . ." Notice, ECF No. 1 at 13. BANA does not address Mr. Amil's argument in its motion to remand. *See generally* Mot., ECF No. 5-1. Because the court has an independent obligation to police its jurisdiction, however, the court will not accept Mr. Amil's argument without scrutiny.

28 U.S.C. § 1443(1) allows the removal of any civil action that is commenced in state court against "any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). A notice of removal under § 1443 must: (1) raise as a defense "rights that are given to them by explicit statutory enactment protecting equal racial civil rights;" and (2) must "assert that the state courts will not enforce that right and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006); *see Greenwood v. Peacock*, 384 U.S. 808, 824-28 (1966); *see also Miller v. Lambeth*, 443 F.3d 757, 761 (10th Cir. 2006).

Section 1443 does not apply here because Mr. Amil fails to even allege these elements. *See generally* Notice, ECF No. 1. Mr. Alim's reliance on *Neal v. Wilson*, 112 F.3d 351, 355 (8th Cir. 1997) and *McCullough v. Ligon*, 430 F. Supp. 2d 846, 850 (E. D. Ark. 2006), does not suggest a different conclusion. *See* Notice, ECF No. 1 at 14. In those cases, the defendants alleged racial discrimination but failed to establish the other elements required for removal under 28 U.S.C. § 1443. *See Neal*, 112 F.3d at 355; *McCullough*, 430 F. Supp. 2d at 850. Even if Mr. Amil's attempt to distinguish *Neal* were persuasive, he still fails to allege a statutory enactment protecting equal racial civil rights. *See* Notice, ECF No. 1 at 14. Because 28 U.S.C. § 1443 does not apply and BANA's complaint contains no facts that arise under federal law, the court finds that federal question jurisdiction does not support removal.

## II. THE COURT LACKS DIVERSITY JURISDICTION

Next, BANA contends that the court does not have diversity jurisdiction over this action. *See* Mot., ECF No. 5-1 at 7. Federal courts have original jurisdiction where the opposing parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). With respect to unlawful detainer actions, the right to possession of the property, and not title to the property, is contested; therefore, damages incidental to the unlawful possession are the amount in controversy. *See Litton Loan Servicing, L.P. v. Villegas*, No. C 10-05478 PJH, 2011 WL 204322, at *2 (N.D. Cal. Jan. 21, 2011) (quoting *Evans v. Superior Ct.*, 67 Cal. App. 3d 162, 170 (1977)).

In the present case, the amount in controversy does not exceed $75,000. *See* Compl., ECF No. 1 at 25-29. BANA requests damages at a rate of $124.85 per day, beginning on August 18, 2012, which does not culminate to over $75,000. *Id.* at 28. Mr. Amil's assertion that the "[a]mount in controversy is the ownership and possession of the subject real property," Notice, ECF No. 1 at 9, is incorrect as a matter of law, *see Litton Loan Servicing*, 2011 WL 204322 at *2. Therefore, the amount in controversy falls short of the minimum required for diversity jurisdiction.

Because the court lacks federal question or diversity jurisdiction, and because Mr. Amil has not established any other basis for subject matter jurisdiction, the action should be remanded to state court.

## CONCLUSION

Based on the foregoing, the court believes that remand to Contra Costa County Superior Court is appropriate. Because defendant has neither consented to nor declined the undersigned's jurisdiction, the court **ORDERS** the Clerk of the Court to reassign this action to a district judge and **RECOMMENDS** that the newly-assigned district judge grant BANA's motion and **REMAND** this action back to Contra Costa County Superior Court.

Any party may file objections to this Report and Recommendation with the district judge within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); N.D. Cal. Civ. L.R. 72. Failure to file an objection may waive the right to review of the issue in the district court.

**IT IS SO ORDERED.**

Dated: January 30, 2013

_____
LAUREL BEELER
United States Magistrate Judge

C 12-05522 LB
Order; Report and Recommendation

8